UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

| | |
|---|---|
| SUSAN L. MCNEILL, Independent Personal Representative of the Estate of David S. McNeill, | |
| Plaintiff, | Case No. 2:07-cv-15 |
| v. | |
| UNITED STATES OF AMERICA, | HON. GORDON J. QUIST |
| Defendant.<br>_____/ | |
| SUSAN L. MCNEILL, | |
| Plaintiff, | Case No. 2:07-cv-16 |
| v. | |
| UNITED STATES OF AMERICA, | HON. GORDON J. QUIST |
| Defendant.<br>_____/ | |

**OPINION**

In these consolidated cases, Plaintiff, Susan McNeill (McNeill), has sued Defendant, United States of America, under the Federal Tort Claims Act, 28 U.S.C. § 1346, for damages resulting from the alleged negligence of one of Defendant's employees in causing a motor vehicle accident, which injured McNeill and allegedly caused the death of her husband, David S. McNeill. McNeill has sued Defendant both as the independent representative of the estate of her husband (case no. 2:07-cv-15) and in a personal capacity to recover for injuries she sustained during the accident (case no. 2:07-cv-16). Defendant has filed a Motion for Partial Summary Judgment on McNeill's claim in her personal capacity.

On January 26, 2005, McNeill was riding in a vehicle being operated by her husband when it collided with another vehicle under the control of a United States Forest Service employee. Both Susan and David McNeill were taken to Marquette General Hospital following the accident. David McNeill received severe injuries and passed away on March 4, 2005.[1] Susan McNeill sustained a fracture of her right clavicle, a transverse fracture of a vertebra, and contusions to her abdomen and lower limbs. (Comp. ¶15.)

In this motion for summary judgment, Defendant argues that Susan McNeill's claim for damages fails under Michigan's No-Fault Insurance Act, M.C.L. § 500.3101. McNeill has failed to respond to the motion within the time prescribed by W.D. Mich. LCivR 7.2(c). The Sixth Circuit has held that under these circumstances,

> a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged that burden.

*Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991). *See also Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 404 (6th Cir. 1992) (noting that where the nonmoving party has not responded, a court's reliance on facts advanced by the movant is proper and sufficient). Having reviewed the motions, briefs, and supporting materials, the Court concludes that Defendant has met its burden with respect to Susan McNeill's claim against Defendant.

The Federal Tort Claims Act provides a limited waiver of sovereign immunity for tort claims "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. Therefore, substantive defenses available under Michigan's No-Fault Insurance Act are applicable to McNeill's claim. The Act significantly limited tort liability in motor vehicle

---

[1] Because the instant motion for summary judgment concerns only Susan McNeill's claim against Defendant, a detailed discussion of the nature and extent of David McNeill's injuries is unnecessary at this time.

accidents and developed a system whereby a person injured in an accident is entitled to economic compensation from his or her own insurance company regardless of fault. *Kreiner v. Fischer*, 471 Mich. 109, 114, 683 N.W.2d 611, 616 (2004). The Act allows an injured party to recover damages for non-economic loss only if she "has suffered death, serious impairment of body function, or permanent serious disfigurement." M.C.L. § 500.3135(1). A serious impairment of body function is "an objectively manifested impairment of an important body function that affects the person's general ability to lead his or her normal life." M.C.L. § 500.3135(7). This definition consists of three elements: (1) an objectively manifested impairment; (2) of an important body function; and (3) that affects a person's general ability to lead his or her normal life. M.C.L. § 500.3135(7). The issue of whether a person has suffered a serious impairment of body function presents a question of law for the court where there is no factual dispute concerning the nature and extent of the person's injuries or where there is a factual dispute concerning the nature and extent of the person's injuries, but the dispute is not material to the determination of whether the person has suffered a serious impairment of body function. M.C.L. § 500.3135(2)(a).

In its motion for summary judgment, Defendant argues that McNeill cannot recover damages from it because her injuries do not meet the statutory standard. Specifically, Defendant asserts that McNeill's injuries do not affect her general ability to lead to her normal life.[2] The Michigan Supreme Court elaborated on this standard in *Kreiner v. Fischer*, 471 Mich. 109, 683 N.W.2d 611 (2004). The Michigan Supreme Court instructed courts to "engage in a multifaceted inquiry, comparing the plaintiff's life before and after the accident as well as the significance of any affected aspects on the course of the plaintiff's overall life." *Id.* at 132-33, 683 N.W.2d at 626. Then, "the

---

[2] Defendant also contests whether McNeill suffered an objectively manifested impairment of an important body function, but it is unnecessary for the Court to reach these issues in light of the Court's resolution of whether McNeill's injuries affected her general ability to lead her normal life.

3

court must engage in an objective analysis regarding whether any difference between the plaintiff's pre- and post-accident lifestyle has actually affected the plaintiff's 'general ability' to conduct the course of his life." *Id.* In making this determination, courts should consider (1) the nature and extent of the impairment, (2) the type and length of treatment required, (3) the duration of the impairment, (4) the extent of any residual impairment, and (5) the prognosis for eventual recovery. *Id*.

The facts surrounding McNeill's injuries are undisputed. Thus, whether those injuries meet the statutory standard is a question of law. As noted previously, McNeill sustained a fracture of her right clavicle, a transverse fracture of a vertebra, and contusions to her abdomen and lower limbs. The treating physician, Dr. Larry Lewis, stated that the only significant injury was the right clavicle fracture. (Lewis Dep. at 14, Br. in support of Mot. for Summ. J., Ex. B.) The transverse process fracture is "meaningless" because "[i]t's a little spine that comes off the vertebral body" with no significant risks or treatment. (*Id*.) As to the clavicle fracture, there is typically no treatment needed other than pain management. (*Id.* at 15.) McNeill was discharged after two days in the hospital. She wore a sling for the clavicle fracture for one week and was sore for two weeks. (Susan McNeill Dep. at 31, Br. in support of Mot. for Summ. J., Ex. A.) The doctors did not place any physical restrictions on McNeill. (*Id*. at 34). Additionally, McNeill stated that she is able to live a normal lifestyle and that the injuries do not prevent her from working. (*Id.*) Moreover, none of McNeill's hobbies, activities, or functions are affected by her injuries. (Interrog. No. 21, Br. in support of Mot. for Summ. J., Ex. E.)

In light of this evidence, the Court concludes that McNeill's injuries do not meet the statutory standard because they do not affect her ability to lead a normal life. Notably, McNeill's injuries did not require significant medical treatment and were of limited duration. Furthermore, no restrictions

4

were placed on McNeill as a result of her injury, and by her own admissions she is able to lead a normal life. McNeill's injuries do not prevent or affect her ability to work in any way, nor do they impact her hobbies, activities, or functions. Notably, McNeill's injuries were less serious and had less of a residual affect on her than many other cases where Michigan courts likewise rejected tort claims under Michigan's No-Fault Insurance Act. *See Kreiner*, 471 Mich. at 136, 683 N.W.2d at 628; *Netter v. Bowman*, 272 Mich. App. 289, 307, 725 N.W.2d 353, 363 (2006) ("relatively brief period (six months) of recuperation" insufficient); *May v. Zalucha*, No. 266733, 2006 WL 664338, *3 (Mich. Ct. App. Mar. 16, 2006) (inability to use arm for six weeks following surgery insufficient). In short, McNeill is unable to show that her injuries affect her general ability to lead a normal life. Therefore, the Court will grant summary judgment in Defendant's favor with respect to Susan McNeill's claim against Defendant for injuries she sustained as a result of the accident.

An Order consistent with this Opinion will be entered.


Dated: June 4, 2008                                            /s/ Gordon J. Quist
                                                               GORDON J. QUIST
                                                               UNITED STATES DISTRICT JUDGE